IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRENCHING SERVICES, INC., a Nevada corporation, | ) ) ) Case No. CV-08-451-E-BLW ) |
| Plaintiff, | ) ) |
| v. | ) **MEMORANDUM** ) **DECISION AND ORDER** ) |
| DEPATCO, INC., an Idaho corporation; GARDNER GROUP IDAHO, LLC, an Idaho limited liability company; ANB FINANCIAL, N.A., a national association; LANDMARK PROFESSIONAL LAND SURVEYORS, PLLC, an Idaho professional limited liability company; and HBH CONSULTING ENGINEERS, INC., an Oregon corporation, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Before the Court is a Motion (Docket No. 47) to Remand to State Court by Defendant Dennis & Bryson Investments, LLC ("Dennis & Bryson"). The issue has been briefed and is before the Court. For the following reasons the Court will deny the Motion.

## BACKGROUND

In August 2008, Plaintiff this action in state court. The Federal Deposit

**Memorandum Decision & Order -- page 1**

Insurance Corporation ("FDIC") was appointed receiver, and was substituted for Defendant ANB Financial. The FDIC removed the matter to this Court in October 2008, under 28 U.S.C. § 1331 and 12 U.S.C. § 1819. Later, ANB Venture moved to be substituted for the FDIC, which motion was granted by the Court in April of 2009. Dennis & Bryson then acquired the interest of ANB Ventures and moved to substitute for ANB, which motion was granted on December 19, 2009. Dennis & Bryson filed this Motion (Docket No. 47) to Remand to State Court. Plaintiff filed a Response (Docket No. 50); Dennis & Bryson has not filed a Reply.

## ANALYSIS

Dennis & Bryson requests remand to state court arguing that the basis for federal jurisdiction no longer exists. They correctly notes that a motion to remand filed before final judgment must be granted if the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). However, in this case, the Court is not convinced that jurisdiction is lacking.

Dennis & Bryson fails to address the Court's supplemental jurisdiction under 28 U.S.C. § 1367. Under that statutory grant of jurisdiction, the Ninth Circuit has determined "that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Anderson v. AllState Insur. Co.*, 630 F.2d 677,

681 (9th Cir. 1980), *quoting Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974); *see also Murphy v. Kodz*, 351 F.2d 163, 167 (9th Cir. 1965). After the claim providing the the original basis for its jurisdiction is dismissed, the District Court is vested with discretion in deciding whether to retain jurisdiction or remand the remaining state law claims. *See Satey v. JPMorgan Chase & Co.,* 521 F.3d 1087 (9th Cir. 2008) (citing *Acri v. Varian Assoc., Inc.* 114 3d 999, 1000 (9th Cir. 1997). In exercising its discretion the Court may give heavy weight to considerations of judicial economy and convenience of the parties. *Id.*

This case has now been pending in federal court for more than one year. The Plaintiffs, although originally filing this action in state court, now oppose the remand back to state court because of the delays that would be occasioned by such an action. Moreover, this Court has obtained some familiarity with the case so that a remand will result in judicial inefficiency. Accordingly, the Court will exercise its discretion under 28 U.S.C. § 1367 to retain jurisdiction over this case.

Dennis & Bryson also offers no reply to Plaintiff's observation that this Court has jurisdiction based on diversity of citizenship of the parties under 28 U.S.C. § 1332. Absent a factual or legal basis to hold otherwise, the Court has no reason to question the Plaintiff's position that there is complete diversity between the parties and that the jurisdictional amount is satisfied.

**Memorandum Decision & Order -- page 3**

For the foregoing reasons, the Court will deny the motion to remand to state court.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Motion (Docket No. 47) to Remand to State Court shall be, and the same is hereby, DENIED.

DATED: **January 7, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge