IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRENCHING SERVICES, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPATCO, INC., an Idaho corporation; GARDNER GROUP IDAHO, LLC, an Idaho limited liability company; ANB FINANCIAL, N.A., a national association; LANDMARK PROFESSIONAL LAND SURVEYORS, PLLC, an Idaho professional limited liability company; and HBH CONSULTING ENGINEERS, INC., an Oregon corporation,<br><br>    Defendants. | Case No. CV 08-451-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

  Before the Court is Plaintiff's motion for attorney fees from Defendant Gardner Group Idaho, LLC (Docket No. 59). Gardner Group was defaulted and has filed no response. The matter is ripe for review. The Court, having considered Plaintiff's brief, will grant the motion for the reasons expressed below, but with instructions regarding the amount of Plaintiff's award.

## BACKGROUND

  Plaintiff initially filed suit in state court alleging, among other claims, that

**Memorandum Decision & Order - 1**

Defendants failed to pay for materials, equipment, labor, and services provided by Plaintiff, pursuant to contract.  The matter was removed to this Court on October 28, 2008 (Docket No. 1).  Plaintiff and three remaining defendants, except for Defendant Gardner Group, stipulated to an order of dismissal (Docket Nos. 61 and 62), and judgment whereby the stipulating parties would bear their own costs and fees (Docket Nos. 63 and 66).  Gardner Group was defaulted on November 9, 2009 (Docket No. 49); default judgment was entered with respect to Gardner Group on January 12, 2010 (Docket No. 58).  Plaintiff now brings this motion for attorney fees incurred in pursuing litigation against Gardner Group.

## ANALYSIS

On entry of default, "the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Plaintiff's breach of contract claim against Gardner Group is therefore considered proven.  But despite entry of default, a claim for attorney fees "will not be treated as routine items of costs." Dist. Idaho Loc. Civ. R. 54.2.  The Court must determine whether the moving party is entitled to attorney fees, and whether the fees requested are reasonable, even where the party from whom fees are sought has offered no opposition.  *C & R Forestry, Inc. v. Consol. Human Resources, AZ, Inc.*, 2010 WL 231098 (D.

**Memorandum Decision & Order - 2**

Idaho)(CV 05-381-N-EJL-CWD) at 2.

In "action[s] involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *Wisdom v. Centerville Fire dist., Inc.*, 2010 WL 468094 (D. Idaho)(CV 07-95-S-EJL) at 10, *quoting MRO Communications, Inc. v. AT&T Co*, 197 F.3d 1276, 1282 (9th Cir. 1999). In this case, the applicable law is Idaho Code § 12-120. That statute provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

I.C. § 12-120(3). Here, Plaintiff alleged that Gardner Group breached its contract for services rendered by Plaintiff.

Plaintiff argues that it is a prevailing party, entitled to reasonable attorney fees, because Plaintiff obtained an "enforceable judgment[] on the merits, creat[ing] the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *See* Plaintiff's Motion (Docket No. 59), *citing Buckhannon Bd. And Care home, Inc. v. West Virginia Dept. Of Health and Human Services*, 532 U.S. 598, 604, 121 S.Ct. 1835 (2001). The Court agrees that Plaintiff in this case is a prevailing party. The remaining question is whether the

**Memorandum Decision & Order - 3**

requested fees are reasonable.

In support of its motion, Plaintiff's attorney, Jason Wiley, submitted an affidavit, and an invoice listing professional services, the dates when the services were rendered, and the hours and rate for such services. *See* Exhibits (Docket No. 59). The services listed, and the rates for the services seem reasonable to the Court. However, the invoice appears to include all professional services, without distinguishing to which of the five defendants each itemized service pertained. The Court is unable to determine, based on the information provided, which professional services, and what billed amounts are attributable to legal services rendered in litigation against Gardner Group.

The Stipulation of Dismissal signed by Plaintiff and the three remaining defendants – not including Gardner Group – included a provision that the stipulating parties agreed "to bear their own fees, costs and expenses incurred in prosecuting / defending the instant litigation." Stipulation of Dismissal (Docket No. 61) at 2. Plaintiff, having agreed to bear its costs and fees in litigating against the three stipulating defendants, cannot obtain an award of fees from Gardner Group for fees incurred in litigating against the other defendants.

The Court finds that Plaintiff is entitled to an award of attorney fees and costs against Gardner Group. However, Plaintiff must provide the Court with an

**Memorandum Decision & Order - 4**

invoice clearly itemizing those services and costs incurred specifically in litigating against Gardner Group. Understandably, some services and costs may have been incurred in litigating against all defendants. However, in such event, Plaintiff would be entitled to a portion of that expense as would reasonably be attributable to Gardner Group. The Court expects this percentage would be 25% or less; if Plaintiff believes that the reasonable percentage of a particular expense attributable to Gardner Group is greater than 25%, Plaintiff should clearly explain its reasoning. Where – as in this case – one defendant has been defaulted and remaining parties have stipulated to dismiss without proceeding to trial on the merits, Plaintiff is advised that the Court anticipates an award of attorney fees and costs to be minimal.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees (Docket No. 59) is conditionally GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall submit to the Court an affidavit and invoice setting forth those services and expenses incurred by counsel, as relate to Defendant Gardner Group. Upon the Court's review of such affidavit and invoice, the Court shall issue a separate Order identifying the reasonable amount of fees to be awarded.

DATED: **May 5, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 6**